DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Marvin Cole, appeals the December 12, 2003 judgment of the Lucas County Court of Common Pleas which, following a no contest plea, sentenced appellant to six years of imprisonment on two counts of robbery, in violation of R.C. 2911.02(A)(2). Appellant raises the following assignments of error: *Page 2 
 {¶ 2} "Assignment of Error No. 1
 {¶ 3} "In sentencing the appellant, the trial court relied on unconstitutional provisions of the sentencing statute, contrary to the United States Supreme Court's rulings in USA v. Booker and Blakely v. Washington, and the Supreme Court of Ohio's decision in State v. Foster.
 {¶ 4} "Assignment of Error No. 2
 {¶ 5} "In the imposition of consecutive sentences, the trial court relied on unconstitutional provisions of the sentencing statute, contrary to the United States Supreme Court's ruling in USA v. Booker and Blakely v. Washington, and the Supreme Court of Ohio's decision in State v. Foster."
 {¶ 6} Appellant's assignments of error are related and will be addressed together. On April 21, 2003, appellant was indicted on two counts of robbery, in violation of R.C. 2911.02(A)(2), second degree felonies. Appellant entered a not guilty plea.
 {¶ 7} On December 11, 2003, appellant changed his not guilty plea to a no contest plea. The trial court accepted the plea and found appellant guilty on both robbery counts. The matter proceeded immediately to sentencing. The court then sentenced appellant to two three-year prison terms to be served consecutively to each other and concurrent to a conviction in another case. Ordering consecutive sentences, the court noted: "It's the further order of this Court pursuant to Revised Code R.C. 2929.14(E), that each of those two separate sentences be served consecutively to one another." The court then found that appellant's criminal history required consecutive sentences. *Page 3 
 {¶ 8} This court granted appellant's motion for leave to file a delayed appeal. Appellant's notice of appeal was filed on February 21, 2006.
 {¶ 9} Upon review, we find that the assignments of error are controlled by the Supreme Court of Ohio's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the court held that R.C. 2929.14(B), 2929.14(C) and 2929.14(E)(4) violate theSixth Amendment to the United States Constitution pursuant to Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, andApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435. Because the trial court relied on an unconstitutional statute in sentencing appellant, we find that the felony sentences imposed by the trial court are void and must be vacated. Foster, supra, ¶ 103-104. Accordingly, appellant's first and second assignments of error are well-taken.
 {¶ 10} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed as to appellant's sentences only. Appellant's sentences are vacated and this matter is remanded to the trial court for resentencing pursuant to State v. Foster, supra. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT REVERSED AS TO APPELLANT'S SENTENCES ONLY. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., and Arlene Singer, J., CONCUR. *Page 1